UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DEMEREW W. YOHANNES,

    Plaintiff,

v.

CENTRAL PARKING SYSTEMS, INC.

    Defendant.

Civil Action No. 03-12390 NG

## ANSWER

Defendant, Kinney System, Inc. d/b/a Central Parking System of Massachusetts, incorrectly named in the Complaint as Central Parking Systems, Inc., hereby answers the Complaint of Plaintiff, Demerew Yohannes, as follows:

### INTRODUCTORY STATEMENT

Defendant denies the allegation contained in the "Introductory Statement" that it engaged in race discrimination or other unlawful conduct; the remainder of the "Introductory Statement" is introductory in nature and does not require a response.

### JURISDICTION

1. The allegations in Paragraph 1 of the Complaint state conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

### PARTIES

2. Defendant is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 2 of the Complaint.

3.  Defendant admits that Central Parking System, Inc. is a national company in the parking industry and it is a Tennessee corporation. Further answering, Defendant states that Plaintiff was employed by Kinney System, Inc. d/b/a Central Parking System of Massachusetts, a Deleware corporation. Defendant denies the remaining allegations contained in Paragraph 3.

## FACTS

4.  Defendant denies the allegations contained in the first sentence of Paragraph 4, except that Defendant admits that upon information and belief, Plaintiff began working on July 16, 1992 for a garage in Connecticut that was later purchased by Kinney System, Inc., and Defendant further admits upon information and belief that Plaintiff received pay increases and worked as a Supervisor. Defendant admits that Plaintiff transferred to Boston on or about June 4, 2001. Defendant admits that Plaintiff was an Assistant Manager at the time of his termination from employment with Central Parking on June 2, 2003. Defendant denies that Plaintiff was terminated on June 4, 2001. Defendant denies all other allegations contained in Paragraph 4.

5.  Defendant is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 5 of the Complaint.

6.  Defendant is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 6 of the Complaint.

7.  Defendant is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 7 of the Complaint.

8.  Defendant denies the allegations contained in the second and third sentences of Paragraph 8 of the Complaint. Defendant is without knowledge or information sufficient to either admit or deny the remaining allegations contained in Paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint. Defendant is without knowledge or information sufficient to either admit or deny the allegations concerning Plaintiff's "belief" contained in the second sentence of Paragraph 9 of the Complaint.

10. Defendant admit that in May, 2003, Defendant instructed the supervisors of valet and attendant parking locations to verify the drivers' licenses of employees. Defendant admits the allegations contained in second sentence of Paragraph 10, but further answering, Defendant states that managers and assistant managers were sometimes required to drive vehicles and assist the valet drivers. In response to the third sentence of Paragraph 10, Defendant states that when it did not receive a copy of Plaintiff's driver's license, it instructed his supervisor to verify his license. Defendant denies the remaining allegations contained in Paragraph 10.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint, except that Defendant admits that on May 21, 2003, Plaintiff informed Defendant that he did not have a valid driver's license.

12. Defendant admits the allegations contained in the first sentence Paragraph 12 of the Complaint, except that Defendant denies that the meeting took place on May 21, 2003. Defendant denies the allegations contained in the second, third, and fifth sentences of Paragraph 12 of the Complaint. Defendant admits the allegations contained in the fourth sentence of Paragraph 12, and further answering, states that Defendant instructed Plaintiff not to move vehicles while the matter was under review. Defendant admits the allegations contained in the sixth sentence of Paragraph 12 of the Complaint.

13. Defendant states that the document referenced in Paragraph 13 speaks for itself and therefore no response is required. To the extent a response is required, Defendant denies the

allegations contained in Paragraph 13, except that Defendant admits that it discharged Plaintiff on June 2, 2003.

14. Defendant states that the document referenced in Paragraph 14 speaks for itself and therefore no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 14, except that Defendant admits the allegations contained in the first and third sentences of Paragraph 14.

15. Defendant admits the allegations contained in the first, seventh, and twelfth sentences of Paragraph 15. Defendant denies the remaining allegations contained in Paragraph 15.

## COUNT I

16. Defendant restates and incorporates by reference its responses to Paragraphs 1 through 15.

17. Denied.

18. Denied.

19. Denied.

20. Except as specifically admitted in this Answer, Defendant denies each and every allegation in Plaintiff's Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. Defendant had legitimate non-discriminatory reasons for its actions.

3. To the extent that Plaintiff has suffered damages as alleged, such damages were caused by someone or some entity for whose conduct Defendant was not and is not legally responsible.

4. Plaintiff was an at-will employee and, therefore, could have been terminated at any time for any reason without notice.

5. Plaintiff's claim for damages is barred, in whole or in part, by his failure to mitigate his damages.

6. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

WHEREFORE, Defendant respectfully requests that the Court: (1) dismiss the Complaint against it with prejudice; (2) award Defendant its costs and reasonable attorneys' fees incurred in defending this action; and (3) award it such other and further relief as the Court may deem just and appropriate.

KINNEY SYSTEM, INC. d/b/a
CENTRAL PARKING SYSTEM OF
MASSACHUSETTS

By its attorneys,

*Sandra E. Kahn*
Mark H. Burak, BBO # 558805
Sandra E. Kahn, BBO # 564510
MORSE, BARNES-BROWN & PENDLETON, P.C.
Reservoir Place
1601 Trapelo Road
Waltham, MA 02451
(781) 622-5930
(781) 622-5933 (facsimile)

Dated: February 5, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by first class mail on February 5, 2004.

*Sandra E. Kahn*
Sandra E. Kahn