UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2004 JUN 25  A 11: 53

U.S. DISTRICT COURT
DISTRICT OF MASS.

DEMEREW W. YOHANNES,

    Plaintiff,

v.                                                    Civil Action No. 03-12390 NG

CENTRAL PARKING SYSTEMS, INC.

    Defendant.

## DEFENDANT'S MOTION FOR SANCTIONS

Defendant Central Parking Systems, Inc. ("CPS") hereby moves, pursuant to the Court's direction at the scheduling conference on June 8, 2004, and pursuant to Fed. R. Civ. P. 16(f) and Local Rule 1.3, for an order imposing sanctions against Plaintiff Demerew Yohannes ("Plaintiff") and/or Hrones & Garrity, counsel for the Plaintiff (hereinafter, "Plaintiff's Counsel"), on the grounds that Plaintiff's Counsel inexcusably failed to appear at a properly noticed Rule 16 scheduling conference in this matter and appeared over one hour late to a second properly noticed scheduling conference. CPS has fully complied with this Court's scheduling orders by causing its counsel to prepare for and timely appear for both scheduled conferences, and has incurred expenses as a result of Plaintiff's Counsel's failures to appear. Accordingly, as sanctions, CPS respectfully requests that the Court order Plaintiff and/or Plaintiff's Counsel to pay $1,000 to CPS for expenses incurred by CPS in preparing for and attending both scheduling conferences, as well as CPS's expenses in bringing the instant motion.

## RELEVANT BACKGROUND

On February 18, 2004, this Court sent by facsimile to Plaintiff's Counsel notice of an initial scheduling conference to be held on February 26, 2004. (A true and correct copy of the Court's Notice of Scheduling Conference, dated February 18, 2004, is attached hereto as **Exhibit A**.) In the notice, this Court stated that it considered the attendance of the senior lawyers ultimately responsible for the case to be of the utmost importance, and cautioned the parties that failure to comply fully with the notice might result in sanctions under Local Rule 1.3. See **Exhibit A**. Further, the Court ordered that the case would be subject to dismissal if the Plaintiff did not appear for the scheduling conference. Id.

On February 26, counsel for CPS appeared in court fully prepared to address Rule 16 matters. Inexcusably and without prior notification to the Court or CPS, Plaintiff's Counsel did not appear for the February 26 conference. Subsequently, Plaintiff's Counsel apologized to the Court for their non-appearance and the Court decided not to impose sanctions at that time. See Civil Docket, Electronic Clerk's Notes, dated February 26, 2004, a true and correct copy of which is attached hereto as **Exhibit B**. Instead, on February 26, 2004, the Court issued a scheduling order which set a status conference for June 8, 2004 at 3:15 p.m. (A true and correct copy of the Court's February 26 Scheduling Order is attached hereto as **Exhibit C**.) The Court's February 26 scheduling order was entered on the docket on the same day and copies of the order were sent to Plaintiff's Counsel. See **Exhibit B**.

On June 8, Plaintiff's counsel once again failed to appear for the scheduled status conference, and, moreover, did not notify the Court or CPS in advance of the conference of any need to seek an adjournment. Counsel for CPS did appear on June 8 in a timely manner and was

fully prepared to address Rule 16 issues. After this Court's Clerk telephoned Plaintiff's Counsel, Attorney Hedges did appear to participate in the status conference, but arrived at approximately 4:30 p.m. -- over one hour late.

As a result of Plaintiff's Counsel's nonappearance at the February 26 scheduling conference, CPS incurred expenses consisting of attorney's fees in the amount of $715 for its counsel's preparation and attendance at the hearing. (The Affidavit of Mark H. Burak, Esq., counsel for CPS, which fully sets forth the time spent on CPS's behalf in preparing for and attending the conferences and the billing rate charged to CPS, is attached hereto as **Exhibit D**.) In addition, CPS incurred attorney's fees in the amount of $325 as a result of Plaintiff's Counsel's late arrival to the June 8 status conference. Finally, CPS has incurred approximately $400 in attorney's fees and costs in bringing the instant motion. In total, CPS has incurred $1,440 in attorney's fees and costs as a result of Plaintiff and/or Plaintiff's Counsel's noncompliance with their Rule 16 obligations.

## ARGUMENT

Fed. R. Civ. P. 16 and the Local Rules place squarely upon Plaintiff and Plaintiff's Counsel the responsibility of obeying scheduling orders and appearing at scheduling conferences, and provide for sanctions for noncompliance.[1] Courts, moreover, regard violations of scheduling

---

[1] Fed. R. Civ. P. 16(a) provides in pertinent part:

> In any action, the court may in its discretion direct the attorneys for the parties . . . to appear before it for a conference . . . before trial for such purposes as
>
> (1) expediting the disposition of the action;

orders and the nonappearance of counsel at scheduled conferences as serious missteps, the appropriate remedy or penalty for which is sanctions. See, e.g., Legault v. Zambarano, 105 F.3d 24, 28-29 (1st Cir. 1997) (affirming award of monetary sanctions for party's noncompliance with Rule 16); Jones v. Winnepesaukee Realty, 990 F.2d 1, 4-5 (1st Cir. 1993) (plaintiffs properly sanctioned $5,000 apiece for consistent failure to attend pretrial hearings). Indeed, in cases where a party's counsel violates a scheduling order or fails to appear at a scheduling conference, Rule 16(f) requires Courts -- at the very least -- to order the offending party and/or his counsel to pay the reasonable expenses incurred by an opposing party because of the noncompliance,

---

> (2) establishing early and continuing control so that the case will not be protracted because of lack of management;
>
> (3) discouraging wasteful pretrial activities;
>
> (4) improving the quality of the trial through more thorough preparation, and;
>
> (5) facilitating the settlement of the case.

Rule 16(f) provides in pertinent part

> If a party or a party's attorney fails to obey a scheduling . . . order, or if no appearance is made on behalf of a party at a scheduling . . . conference . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just . . . . In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with [Rule 16], including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Local Rule 1.3 provides in pertinent part:

> Failure to comply with any of the directions or obligations set forth in, or authorized by, these Local Rules may result in dismissal, default, or the imposition of other sanctions as deemed appropriate by the judicial officer.

including attorney's fees. See Fed. R. Civ. P. 16(f).[2] An offending party can only avoid this sanction by showing that the noncompliance was "substantially justified" or that an award of expenses would be unjust. See id.

In the instant case, Plaintiff and/or Plaintiff's Counsel's complete and unjustified failure to appear for one scheduling conference and late appearance at a second conference warrants sanctions. The Clerk of this Court alerted Plaintiff's Counsel of their obligation to appear by sending notices and copies of the Court's scheduling orders well in advance of the conferences. Plaintiff's Counsel never sought to reschedule the conferences, nor did they notify the Court or CPS in advance of the conferences that they would be unable to appear. As a result, CPS's counsel prepared for and appeared at both conferences and CPS incurred attorney's fees and costs. Plaintiff's Counsel's expression of regret at having failed to appear at the February 26 conference, while appropriate, in no way excuses their failure to appear and does nothing to ameliorate CPS's incurring unnecessary legal fees. Moreover, there is nothing in the record to indicate that Plaintiff's Counsels' nonappearance at the February 26 and June 8 conferences was the result of anything but inattention to the Court's properly noticed scheduling orders. As such, Plaintiff cannot show that their noncompliance was "substantially justified" or that compensating CPS for the expenses it incurred as a result of Plaintiff's noncompliance would be unjust. Accordingly, this Court should order that Plaintiff and/or Plaintiff's Counsel pay to CPS

---

[2] Underlying Rule 16(f) is the recognition that sanctions are required both to ensure compliance with reasonable management requirements for case preparation and to compensate opposing parties for inconvenience and expense incurred because of any noncompliance with the reasonable management orders of the Court. See, e.g., Legault, 105 F.3d at 28-29.

$1,000 -- an amount less than the expenses it incurred preparing for and attending the February 26 and June 8 conferences and the expenses associated with CPS's bringing of the instant motion.

## CONCLUSION

For all the foregoing reasons, CPS respectfully requests that this motion be allowed, and that an order enter awarding $1,000 to CPS for expenses incurred as a result of Plaintiff and/or Plaintiff's Counsel's noncompliance with their Rule 16 obligations.

KINNEY SYSTEM, INC. d/b/a
CENTRAL PARKING SYSTEM OF
MASSACHUSETTS

By its attorneys,

*/s/ Scott J. Connolly*
Mark H. Burak, BBO # 558805
Sandra E. Kahn, BBO # 564510
Scott J. Connolly, BBO # 651007
MORSE, BARNES-BROWN & PENDLETON, P.C.
Reservoir Place
1601 Trapelo Road
Waltham, MA 02451
(781) 622-5930
(781) 622-5933 (facsimile)

Dated: June 25, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by first class mail on June 25, 2004.

*/s/ Scott J. Connolly*
Scott J. Connolly