UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DEMEREW W. YOHANNES,

    Plaintiff,

v.

CENTRAL PARKING SYSTEMS, INC.

    Defendant.

Civil Action No. 03-12390 NG

## DEFENDANT'S MOTION FOR SANCTIONS

Defendant Central Parking System of Massachusetts ("CPS") hereby moves pursuant to Fed. R. Civ. P. 37 and Local Rule 37.1, for an order imposing sanctions against Plaintiff Demerew Yohannes ("Plaintiff") and/or Jessica Diane Hedges, Esq. and Stephen B. Hrones, counsel for the Plaintiff (hereinafter, "Plaintiff's Counsel"), on the grounds that Plaintiff and his Counsel inexcusably failed to appear at properly noticed depositions, including a deposition of Plaintiff, as well as one of Plaintiff's witnesses that Plaintiff's counsel agreed to produce. Accordingly, as sanctions, CPS respectfully requests that the Court dismiss Plaintiff's claims in their entirety or, in the alternative, order Plaintiff and/or Plaintiff's Counsel to pay $ 2032.50 to CPS for fees and expenses incurred by CPS in preparing for and attending the depositions, attempting to serve process on a witness, and well as CPS's fees and expenses in bringing the instant motion. The grounds for this motion are Plaintiff's gross disregard of his discovery obligations, as set forth below:

    1.    On December 20, 2004, counsel for CPS sent a letter to Plaintiff's counsel enclosing two Notices of Deposition, scheduling the continued deposition of the Plaintiff,

Demerew Yohannes, for January 12, 2005 at 10:30 a.m., and re-scheduling the deposition of Plaintiff's witness, Agzew Demissie, for January 12, 2005 at 2:00 p.m. *See* December 20, 2004 letter and Notices of Deposition, true and accurate copies of which are set forth as <u>Exhibit</u> A. These Notices of Deposition fully complied with Rule 30 of the Federal Rules of Civil Procedure.

2. Counsel for CPS had already spent considerable time and effort deposing the Plaintiff, however, information discovered after the Plaintiff's deposition on August 26, 2004 indicated that Plaintiff may not have given complete or truthful answers in that deposition, and that Plaintiff's employment status may have changed.[1] Additionally, Plaintiff testified at the time of his deposition that he had received treatment for emotional distress allegedly caused by CPS, a fact which he had not disclosed in his answers to interrogatories. In order to clear up these issues, counsel for the Plaintiff agreed (on November 3, 2004) to produce Plaintiff for deposition again.

3. Agzew Demissie, a witness identified by Plaintiff in his Initial Disclosure, had previously been scheduled to appear for deposition on October 21, 2004. Although Mr. Demissie had been served with a subpoena to appear for deposition on that date, he did not appear, and no excuse or explanation was ever given, either directly to counsel for CPS or through Plaintiff's counsel. Plaintiff's counsel subsequently assured counsel for CPS (on December 8, 2004) that Mr. Demissie had agreed to show up for a rescheduled deposition, and requested that such deposition be set for the afternoon to accommodate Mr. Demissie's schedule. CPS complied with this request in scheduling Mr. Demissie's deposition for 2:00 p.m. on January 12, 2005.

---

[1] Indeed, Defendant initially began taking Plaintiff's deposition on June 28, 2004, but Plaintiff asked to leave after just an hour of questioning, claiming that his stomach hurt. When he was next deposed (on August 26), Plaintiff had revised his answers concerning the expected testimony of his witnesses.

4. On Monday, January 3, 2005, CPS counsel left a voice mail message with Plaintiff's counsel, asking Plaintiff's counsel to confirm that the depositions of the Plaintiff and Mr. Demissie would indeed go forward on January 12, 2005 as noticed. CPS counsel reminded Plaintiff's counsel that discovery was set to expire on January 28, 2005, and that CPS understandably needed to know whether these depositions would go forward, and whether Mr. Demissie would in fact show up, as agreed.

5. On Tuesday, January 4, 2005, Plaintiff's counsel Jessica Hedges left a responsive voice mail for CPS counsel, stating that "as far as she knew," the depositions would go forward on January 12, 2005.

6. Both CPS and its counsel spent time preparing for and attending the depositions on January 12, 2005. A representative of CPS traveled to CPS counsel's office in Waltham, Massachusetts, to attend the depositions, clearing his calendar for the day. CPS also arranged for a court reporter to attend.

7. On January 12, 2005, neither the Plaintiff nor Plaintiff's counsel appeared for the 10:30 a.m. deposition of the Plaintiff. Just before 11:00 a.m., CPS counsel telephoned Plaintiff's counsel's office, but was told that counsel had stepped away. Shortly afterwards, Plaintiff's counsel Jessica Hedges telephoned CPS counsel, stating that neither she, nor her client, nor Mr. Demissie would be appearing for the depositions as scheduled. Ms. Hedges further stated that she had thought that a former paralegal of their firm, Lionel Porter, was going to handle scheduling the depositions, and she assumed he would have contacted CPS counsel if the depositions could not go forward. Counsel for CPS reminded Ms. Hedges of her voice mail the previous week, when she stated that the depositions <u>would</u> go forward. Ms. Hedges was unable to explain what exactly had occurred, but apologized, saying that it was her fault and that she

would cover the cost of the court reporter, but that she could not appear that day, nor would the witnesses appear.[2]

8. At no time prior to January 12, 2005 did Plaintiff's counsel give any indication that the deposition date and times were not acceptable to her or her client, or to the witness she had agreed to produce, Mr. Demissie.

9. This is not the first time that Plaintiff's counsel's actions have resulted in unnecessary costs for CPS. Indeed, this Court has ordered Plaintiff's counsel to pay sanctions before, in the amount of $1000.00, for inexcusably failing to appear for a status conference with the court and arriving late at another status conference.

10. In this instance, Plaintiff's counsel's conduct has cost CPS not only court reporter fees, but also time spent preparing for depositions (which because of the need to refresh oneself will have to be repeated), as well as time waiting for Plaintiff's counsel to appear. Further, a representative from CPS spent several hours out of his day traveling to the place of the deposition and waiting for Plaintiff's counsel to appear. CPS should be reimbursed for their costs in the total amount of $1785 in attorneys' fees, plus $247.50 in costs incurred in attempts to serve Mr. Demissie with process, which costs are set forth in more detail in the attached Affidavit of Sandra E. Kahn.

11. Following Plaintiff's and Mr. Demissie's failure to appear for deposition on January 12, 2004, the parties agreed to reschedule the depositions for January 27, 2004, just one

---

[2] To the extent Plaintiff seeks to excuse his conduct based on the conduct of Plaintiff's counsel's paralegal Lionel Porter, such an effort to avoid responsibility should not be countenanced. Both Plaintiff and his counsel, Jessica Hedges, are responsible for cooperating with discovery in this matter. In fact, Ms. Hedges had previously asked CPS counsel to communicate directly with her, and not with Mr. Porter (she later informed CPS counsel that Mr. Porter was no longer a paralegal at her firm). As Ms. Hedges herself admitted, her failure (and her client's and witness' failure) to appear for deposition on January 12, 2005 is no one's fault but her own. CPS should not bear the cost of the unnecessary time and expenses it has incurred as a result of Ms. Hedges allowing Mr. Porter (who is apparently no longer employed by Ms. Hedges' firm) to continue to play a role in the litigation of this matter.

- 4 -

day before the expiration of the discovery period. See Notices of Deposition for January 27, 2004, attached hereto as Exhibit B.

12. As Mr. Demissie had refused to appear for deposition on two prior occasions, in order to be sure that their rights to depose Mr. Demissie were preserved, CPS counsel attempted to serve Mr. Demissie with a subpoena to compel his attendance at the deposition. In doing so, CPS incurred $247.50 in costs payable to the process server. Following CPS' repeated (and unsuccessful) attempts to serve Mr. Demissie with process, counsel for the Plaintiff informed CPS (for the first time) that they would not be relying upon Mr. Demissie after all (contrary to multiple prior representations by Plaintiff and his counsel), and therefore there was no need to take his deposition.

13. On January 26, 2004, the day before Plaintiff's rescheduled deposition, and just two days before the end of the discovery period in this matter, counsel for Plaintiff (Michael Tumposky) informed counsel for CPS that Plaintiff again would not appear for his scheduled deposition on January 27 (which date had been agreed upon by counsel for both parties). Plaintiff claimed he could not appear due to a conflict with work obligations. Once again, CPS was forced to reschedule Plaintiff's deposition and, for yet another time, was forced to incur more unnecessary time on this matter—this time to insure that counsel for the Plaintiff requested an extension of the discovery period (which was necessary to protect CPS would from potential prejudice arising from the need to reschedule Plaintiff's deposition—again).

14. The discovery period in this matter was set to end on January 28, 2005. Given the short amount of time remaining in the discovery period, and CPS' need to prepare for its motion for summary judgment, Plaintiff and his counsel's failure to appear for his deposition on January 12, 2005 and his failure to appear again on January 27, 2005 is particularly disruptive to the

discovery process, and may result in prejudice to CPS. Although at this time Plaintiff's counsel has agreed to reschedule Plaintiff's deposition for February 10, 2005, CPS obviously cannot count on his appearance. Plaintiff clearly fails to understand his obligations in this litigation, and his conduct reflects a continuing disregard for the discovery process.

15. Sanctions are warranted in this case because Plaintiff has failed to appear at his own deposition, after being served with proper notice. Pursuant to Fed. R. Civ. Proc. 37(d), when a party fails to appear at his own deposition after being served with proper notice, the court "may make such orders in regard to the failure as are just," including but not limited to contempt, dismissal of the action, and payment of reasonable expenses including attorneys' fees caused by the failure. *See also, e.g., Guex v. Allmerica Financial Life Insurance and Annuity Co.*, 146 F.3d 40 (1st Cir. 1998) (upholding decision to dismiss plaintiff's case based upon his failure to appear at his own deposition). Astoundingly, despite Plaintiff's sanctionable conduct in ignoring his obligation to appear for deposition on January 12, just two weeks later Plaintiff again refused to appear for his agreed upon rescheduled deposition on January 27 and provided only one day's notice. Plaintiff's continuing refusal to cooperate in discovery have caused CPS to incur unnecessary fees and costs, and may result in prejudice to CPS. The Court should not tolerate Plaintiff's blatant disregard for the discovery process and award sanctions to CPS.

WHEREFORE, CPS respectfully requests that the Court allow this motion and dismiss Plaintiff's claims in their entirety, or in the alternative, enter an order awarding $2032.50 to CPS to be paid by Plaintiff and/or Plaintiff's counsel for their continuing disregard of their discovery obligations.

KINNEY SYSTEM, INC. d/b/a
CENTRAL PARKING SYSTEM OF MASSACHUSETTS

By its attorneys,

_____
Mark H. Burak, BBO # 558805
Sandra E. Kahn, BBO # 564510
MORSE, BARNES-BROWN & PENDLETON, P.C.
Reservoir Place
1601 Trapelo Road
Waltham, MA 02451
(781) 622-5930
(781) 622-5933 (facsimile)

Dated: February 4, 2005

## LOCAL RULE 7.1 and LOCAL RULE 37.1 CERTIFICATION

Counsel for the defendant hereby certifies that the provisions of Local Rule 7.1 and Local Rule 37.1 have been complied with. In an attempt to narrow the issues in dispute in accordance with the Local Rules, the parties conferred as follows: On January 19, 2005, counsel for CPS spoke with counsel for the Plaintiff (Jessica Hedges); counsel for CPS then sent Ms. Hedges a letter on January 27, 2005, outlining the issues in more detail, and in the following days, counsel for CPS had several telephone conversations with counsel for the Plaintiff (Michael Tumposky) concerning the issues. Mr. Tumposky sent counsel for CPS a letter concerning the issues on January 31, 2005, and counsel for CPS responded by letter on February 3, 2005. Although Plaintiff's counsel has agreed to pay the court reporter's fee for January 12, 2005, the parties were not able to reach agreement on the remaining issues in dispute.

_____
Sandra E. Kahn

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by first class mail on February 4, 2005.

_____
Mark H. Burak

# MORSE, BARNES-BROWN & PENDLETON, P.C.

*The Business Law Firm on Route 128*

Reservoir Place • 1601 Trapelo Road • Waltham, MA 02451 • (781) 622-5930 • Fax (781) 622-5933 • email: mbbp@mbbp.com

Writer's email:
sek@mbbp.com

December 20, 2004

Jessica Hedges, Esq.
Hrones & Garrity
Lewis Wharf, Bay 232
Boston, Massachusetts 02110-3927

Re:  **Demerew Yohannes v. Central Parking System, Inc.
U.S.D.C. Civil Action No. 03-12390 NG**

Dear Jessica:

Enclosed please find notices of deposition scheduling the continuation of the deposition of Mr. Yohannes for January 12, 2005 at 10:30 a.m., and re-scheduling the deposition of Agezew Demissie for January 12, 2005 at 2:00 p.m. Based upon your representation that Mr. Demissie has agreed to be deposed, we will not move the court to compel his presence at the deposition, nor will we be serving him with a subpoena. Please let me know if my understanding is incorrect. Further, if Mr. Demissie cannot attend on January 12, please contact me as soon as possible to arrange another mutually convenient date.

Very truly yours,

*Sandra E. Kahn*

Sandra E. Kahn

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DEMEREW W. YOHANNES,

           Plaintiff,

v.

CENTRAL PARKING SYSTEMS, INC.

           Defendant.

Civil Action No. 03-12390 NG

## NOTICE OF DEPOSITION

TO:    Jessica Hedges, Esq.
         Hrones & Garrity
         Lewis Wharf – Bay 232
         Boston, MA 02110
         (617) 227-4019

Please take notice that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendant will take the deposition upon oral examination of Demerew Yohannes on Wednesday, January 12, 2005, commencing at 10:30 a.m., at the offices of Morse, Barnes-Brown & Pendleton, P.C., Reservoir Place, 1601 Trapelo Road, Waltham, Massachusetts. The deposition will be taken before a notary public or before some other officer authorized by law to administer oaths. The deposition will continue from day to day until completed.

You are invited to attend and cross examine.

> KINNEY SYSTEM, INC. d/b/a
> CENTRAL PARKING SYSTEM OF
> MASSACHUSETTS
>
> By its attorneys,
>
> *Sandra E. Kahn*
> Mark H. Burak, BBO # 558805
> Sandra E. Kahn, BBO # 564510
> MORSE, BARNES-BROWN & PENDLETON, P.C.
> Reservoir Place
> 1601 Trapelo Road
> Waltham, MA 02451
> (781) 622-5930
> (781) 622-5933 (facsimile)

Dated: December 20, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by first class mail on December 20, 2004.

*Sandra E. Kahn*
Sandra E. Kahn

- 2 -

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DEMEREW W. YOHANNES,

        Plaintiff,

v.

CENTRAL PARKING SYSTEMS, INC.

        Defendant.

Civil Action No. 03-12390 NG

## NOTICE OF DEPOSITION

TO:   Jessica Hedges, Esq.
       Hrones & Garrity
       Lewis Wharf – Bay 232
       Boston, MA 02110
       (617) 227-4019

Please take notice that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendant will take the deposition upon oral examination of Agezew Demissie on Wednesday, January 12, 2005, commencing at 2:00 p.m., at the offices of Morse, Barnes-Brown & Pendleton, P.C., Reservoir Place, 1601 Trapelo Road, Waltham, Massachusetts. The deposition will be taken before a notary public or before some other officer authorized by law to administer oaths. The deposition will continue from day to day until completed.

- 1 -

You are invited to attend and cross examine.

        KINNEY SYSTEM, INC. d/b/a
        CENTRAL PARKING SYSTEM OF
        MASSACHUSETTS

        By its attorneys,

        */s/ Sandra E. Kahn*
        Mark H. Burak, BBO # 558805
        Sandra E. Kahn, BBO # 564510
        MORSE, BARNES-BROWN & PENDLETON, P.C.
        Reservoir Place
        1601 Trapelo Road
        Waltham, MA 02451
        (781) 622-5930
        (781) 622-5933 (facsimile)

Dated: December 20, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by first class mail on December 20, 2004.

        */s/ Sandra E. Kahn*
        Sandra E. Kahn

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DEMEREW W. YOHANNES,

           Plaintiff,

v.

CENTRAL PARKING SYSTEMS, INC.

           Defendant.

Civil Action No. 03-12390 NG

## NOTICE OF DEPOSITION

TO:   Jessica Hedges, Esq.
        Hrones & Garrity
        Lewis Wharf – Bay 232
        Boston, MA 02110
        (617) 227-4019

Please take notice that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendant will take the deposition upon oral examination of Agzew Demissie on Thursday, January 27, 2005, commencing at 2:00 p.m., at the offices of Morse, Barnes-Brown & Pendleton, P.C., Reservoir Place, 1601 Trapelo Road, Waltham, Massachusetts. The deposition will be taken before a notary public or before some other officer authorized by law to administer oaths. The deposition will continue from day to day until completed.

- 2 -

You are invited to attend and cross examine.

> KINNEY SYSTEM, INC. d/b/a
> CENTRAL PARKING SYSTEM OF
> MASSACHUSETTS
>
> By its attorneys,
>
> *Sandra E. Kahn*
> Mark H. Burak, BBO # 558805
> Sandra E. Kahn, BBO # 564510
> MORSE, BARNES-BROWN & PENDLETON, P.C.
> Reservoir Place
> 1601 Trapelo Road
> Waltham, MA 02451
> (781) 622-5930
> (781) 622-5933 (facsimile)

Dated: January 13, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by first class mail on January 13, 2005

*Sandra E. Kahn*
Sandra E. Kahn

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DEMEREW W. YOHANNES,

    Plaintiff,

v.

CENTRAL PARKING SYSTEMS, INC.

    Defendant.

Civil Action No. 03-12390 NG

## NOTICE OF DEPOSITION

TO:    Jessica Hedges, Esq.
        Hrones & Garrity
        Lewis Wharf – Bay 232
        Boston, MA 02110
        (617) 227-4019

Please take notice that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendant will take the deposition upon oral examination of Demerew Yohannes on Thursday, January 27, 2005, commencing at 10:30 a.m., at the offices of Morse, Barnes-Brown & Pendleton, P.C., Reservoir Place, 1601 Trapelo Road, Waltham, Massachusetts. The deposition will be taken before a notary public or before some other officer authorized by law to administer oaths. The deposition will continue from day to day until completed.

- 1 -

You are invited to attend and cross examine.

KINNEY SYSTEM, INC. d/b/a
CENTRAL PARKING SYSTEM OF MASSACHUSETTS

By its attorneys,

*Sandra E. Kahn*

Mark H. Burak, BBO # 558805
Sandra E. Kahn, BBO # 564510
MORSE, BARNES-BROWN & PENDLETON, P.C.
Reservoir Place
1601 Trapelo Road
Waltham, MA 02451
(781) 622-5930
(781) 622-5933 (facsimile)

Dated: January 13, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by first class mail on January 13, 2005

*Sandra E. Kahn*
Sandra E. Kahn