UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DEMEREW YOHANNES<br>　　　Plaintiff,<br><br>v.<br><br>CENTRAL PARKING<br>SYSTEM, INC.<br>　　　Defendant. | }<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>} | C.A. No. 03-12390 NG |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SANCTIONS**

Now comes the plaintiff, Demerew Yohannes, and respectfully requests that this Court deny the defendant's completely frivolous motion for sanctions, as the defendant's counsel did not conference the dispute "in good faith" as required by Local Rules 7.1 and 37.1.  As grounds for this motion, the plaintiff states the following:

1. Plaintiff previously made himself available for depositions and was deposed at length by defendant's counsel.  After the close of depositions, defendants indicated they wished to reopen depositions related to several very limited issues.  Plaintiff agreed and in good faith made attempts to schedule a deposition.

2. The plaintiff's deposition, as well as that of a witness Agzew Demissie, was scheduled for January 12.  The date was arranged by a paralegal in this office, Lionel Porter, who had been handling all the paralegal duties involved in this case.  Mr. Porter was subsequently terminated from employment at plaintiff counsel's law firm.  During the pendency of his termination, there was a miscommunication between Mr. Porter and plaintiff's counsel as to whether plaintiff would be available for the deposition on January 12.  Prior to the deposition, plaintiff's counsel had instructed Mr. Porter to call defendant's counsel and reschedule if the plaintiff would not be able

to attend. Due to the unfortunate miscommunication, this call was never made.

3. On January 27, 2005, defendant's counsel sent plaintiff's counsel a letter demanding compensation for time lost for the "failure of Mr. Yohannes to appear" and the "failure of Plaintiff to produce Mr. Demissie" for depositions scheduled on January 12, 2005. See Letter at Exhibit A. On the same date, plaintiff's counsel apologized for the misunderstanding and offered to pay the costs of the court reporter for January 12.

4. In addition to the costs of the court reporter, counsel also demanded $1050 in attorney's fees, $420 to prepare their motion for sanctions and "several hundred dollars" for service on Mr. Demissie.

5. Defendant's counsel further informed plaintiff that it would also seek sanctions for a January 27 deposition that plaintiff rescheduled *in advance*, because of a work commitment that arose for Mr. Yohannes on short notice and could not be avoided. In fact, Mr. Yohannes indicated that he might have been terminated if he was forced to miss work on that date.

6. In response to defendant's requests, counsel for plaintiff sent a letter dated February 1, in which it offered, for settlement purposes, to pay $600 to cover defendant counsel's *reasonable* expenses, in addition to the cost of the January 12 court reporter,. See Letter at Exhibit B.

7. Defendant's counsel alleges that on February 3, 2005, she sent a response to plaintiff counsel's $600 offer in which she asked again for the entire amount, giving the plaintiff until the "end of business" to respond. See Letter at Exhibit C.

8. This letter was never received by counsel for the plaintiff, nor has defendant's counsel

2

offered a fax transmittal which could affirmatively prove the letter was sent. Defendant's counsel, subsequent to her motion for sanctions, transmitted the letter by fax to plaintiff's counsel. The letter demands the same reimbursement outlined in the letter of January 27, and is in no way a reasonable attempt to resolve the issues now needlessly before the Court.

9. On February 4, one day after defendant's counsel allegedly responded to plaintiff counsel's $600 offer, defendant filed a motion for sanctions. In the motion, the defendant requested $2032.50, or, in the alternative, a dismissal of the complaint.

10. This motion is completely out of order and contrary to the letter and spirit of Local Rules 7.1 and 37.1, as the motion was filed while the parties were attempting to reach a reasonable settlement of their disputes.

11. Counsel's actions indicate that she did not wish to conference this dispute in good faith, and was merely complying with the Rules' formalities so she could motion the Court for sanctions.

12. Furthermore, based on conversations with defendant's counsel, it would appear that Defendant's counsel is attempting to improperly use this Rule 37 motion to recoup money for the time its corporate client allegedly spent waiting for the January 12 depositions, and not to compensate the client for the time its attorney had to spend.

13. Yet even if this Court accepts defendant counsel's motion as procedurally valid, the demands set out in motion are completely unreasonable.

14. Plaintiff's counsel agreed to reimburse the defendant for the cost of the court reporter for the January 12 depositions and was willing to pay one hour's worth of attorney's

fees[1] for the time spent that day waiting for plaintiff and Mr. Demissie. In plaintiff counsel's experience, this is generally how such issues are handled between professionals. Furthermore, for the purposes of settlement, plaintiff's counsel even increased its offer to $600.

15. However, defendant's counsel is not entitled to be reimbursed for any additional time spent preparing for the January 12 depositions. Defendant counsel's calculation that three out of the three and one-half hours spent preparing for the January 12 depositions would have to be spent again for the February 10 deposition is completely unreasonable.

16. Counsel should not be reimbursed for any time spent preparing for Mr. Demissie's January 12 deposition since Mr. Demissie will not be appearing at trial. In litigation, attorneys often prepare motions that are never argued, prepare witnesses that are never called, and even try cases that are settled prior to judgment. That counsel was forced to spend a small mount of time preparing for a deposition of a witness who will not be testifying does not warrant sanctions.

17. Counsel should also not be compensated for any time spent preparing for plaintiff's January 12 deposition, as in fact he will be deposed, and such preparation necessarily would have been done anyway. It is disingenuous for counsel to suggest that nearly all of her preparation for the January 12 deposition would have to be done again for the deposition scheduled February 10.

18. Counsel should not be compensated for the $247.50 allegedly incurred in attempting to serve Mr. Demissie with a subpoena. That counsel's process server was unable to

---

[1] Counsel claims her hourly rate is $210.

locate Mr. Demissie does not mean that sanctions are warranted. The process server's failure to find Mr. Demissie was in no way related to Mr. Demissie's failure to appear on January 12.

19. Defendant's counsel should also not be compensated for the "hour" spent in connection with the January 27th rescheduling. Counsel was notified of the rescheduling in advance. Plaintiff, who struggles to survive and simply meet his financial obligations, had a work commitment thrust upon him on short notice and likely would have been terminated had he failed to comply with his employer's wishes.

20. The motion for an extension of the January 28th discovery deadline, on which counsel claims she spent forty-five minutes, was done by plaintiff's counsel solely at the behest of defendant's counsel. The motion was drafted by counsel for the plaintiff because defendant's counsel became overly concerned that defendant would not have a chance to depose the plaintiff prior to trial if a motion to extend the deadline were not filed. Given that such a motion was written at defendant's counsel's demand, and that such a motion was completely unnecessary since the case could never go to trial without plaintiff's deposition (especially when plaintiff was the one who had rescheduled beyond the deadline), that time spent is not subject to sanctions. In addition, the fifteen minutes allegedly spent drafting another notice of deposition is excessive when such a letter could be written in one minute simply by changing the dates, and because the work is clerical in nature.

21. Defendant's counsel should also not be compensated for the time spent preparing the instant motion for sanctions. Given that the motion was filed during conferencing on

the matter,[2] counsel's motion was written in bad faith, and counsel should not be rewarded for her actions by this Court. Furthermore, in the letter dated January 27, counsel indicated such a motion would incur a cost of $420 dollars, not $630, as is now claimed.

22. Any discovery violations committed by plaintiff were inadvertent, and plaintiff has shown a willingness to compensate defendant's *reasonable* expenditures. Therefore, dismissal of this complaint would be completely against the interests of justice because there were no willful or malicious violations of discovery rules. Similarly, it is not in the interests of justice to award defendant's counsel the inflated expenditures she claims are related to the rescheduled depositions.

Respectfully submitted
The Plaintiff Demerew Yohannes
By his attorneys,


//S//Jessica D Hedges
Stephen Hrones
BBO No. 242860
Jessica D. Hedges
BBO No. 645847
Hrones, Garrity & Hedges
Lewis Wharf – Bay 232
Boston, MA 02110-3927
(617) 227-4019

Dated: February 15, 2005

### CERTIFICATE OF SERVICE

I, Jessica D. Hedges, hereby certify that on this the 15th day of February, 2005, I caused a copy of this document to be served upon Sandra Kahn, of Morse, Barnes-Brown & Pendleton, 1601 Trapelo Rd., Waltham, MA 02451, by first-class mail, postage prepaid.

//S//Jessica D Hedges
Jessica D. Hedges

---

[2] Even if this Court believes that the letter dated February 3 was actually sent, the motion for sanctions was filed less than 24 hours later, suggesting counsel was not interested in negotiating the matter and was more interested in billing additional time.