**EXHIBIT B TO AFFIDAVIT OF SANDRA E. KAHN**

**EEOC Dismissal and Notice of Rights; August 27, 2003 EEOC Decision**

EEOC Form 161 (10/96)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Demerew Yohannes
27 Derby Street
Waltham, MA 02453

From: Equal Employment Opportunity Commission
Boston Area Office
John F. Kennedy Federal Building
Fourth Floor, Room 475
Boston, MA 02203

RECEIVED AUG 29 2003 NIXON PEABODY LLP

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 161-2003-00457 | Rance A. O'Quinn, Supervisor | 617-565-3192 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] We cannot investigate your charge because it was not filed within the time limit required by law.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[x] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)* _____

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not **be collectible.**

On behalf of the Commission

*[signature]*
Robert L. Sanders, Area Director

AUG 27 2003

*(Date Mailed)*

Enclosure(s)

cc: Sandra E. Kahn, Esq.
Nixon Peabody LLP
101 Federal Street
Boston, MA 02110-1832

Central Parking Systems, Inc.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Boston Area Office

John F. Kennedy Federal Building
Government Center
Fourth Floor, Room 475
Boston, MA 02203
(617) 565-3200
TTY (617) 565-3204
FAX (617) 565-3196

AUG 27 2003

Demerew Yohannes
27 Derby Street
Waltham, MA 02453

RE: Charge No. 161-2003-00457, Yohannes v. Central Parking Systems, Inc.

Dear Mr. Yohannes:

The EEOC has concluded its inquiry into your allegations of discrimination. Under the Equal Employment Opportunity Commission's (EEOC) charge prioritization procedures, we focus our resources only on those charges that are most likely to result in findings of violations of the law we enforce. In accordance with these procedures, the EEOC has evaluated this charge based on the evidence you and the Respondent provided. The evidence fails to indicate that a violation of the law occurred and it is not likely that additional investigation will result in our finding of a violation.

You alleged that you were discriminated against by Central Parking Systems, Inc. (Respondent) because of your race and color (Black) and your national origin (Ethiopian), when you were discharged from your position as Assistant Manager and Bookkeeper, in violation of Title VII of the Civil Rights Act of 1964, as amended. Specifically, you alleged that you were discharged by Edwin Crean, Senior Director of Operations on June 2, 2003, for falsification of records and a misrepresentation because you did not have a valid driver's license, since you allegedly "frequently drove customer cars". You also alleged that Jessip Verdi, a former white co-worker, could not produce a valid MA Driver's License (his was revoked) but he was promoted. You indicated that you never had reason to drive (valet park) customer's cars.

The Commission's investigation reveals that Respondent conducted a driver's license audit. Managers at all valet locations/valet garages were instructed to get photocopies of each employees driver's license, in order to update all personnel files. You could not produce one. On May 21, 2003, you informed Karyn Poliseno, Human Resources Manager, that you had a Connecticut license but it expired in February 2003 and you could not get it renewed because there was a "lien" on it. He was informed by Ms. Poliseno that he was required to get a Massachusetts license within 30 days of moving to the state. You had lived in Massachusetts for more than two years. Your allegation that Giuseppe Verdi was treated differently than you were is not applicable, since his employment with Respondent ended on March 13, 2002, and the driver's license audit was in May 2003.

Charge No.: 160-2003-00457
Yohannes v. Central Parking System, Inc.
Page 2

As for your assertion that you "never had reason to drive (valet park) customer's cars, Respondent has indicated that you did drive customer's cars. You were the Assistant Manager to Robert Caliri, Manager of the North End Garage. Mr. Caliri stated that the only cars you did not drive were the cars belonging to the customers with monthly parking spaces. Your job duties varied but did include parking and moving cars on a regular basis. Mr. Caliri also stated that each day that you worked it is likely that you had to park or move car. Throughout your employment your schedule was the same (even when you did not have a valid driver's license), and you worked on Sundays with only one other individual, when that individual took breaks or went to lunch you had to park or move the cars. There is no evidence to support discrimination in this case.

Based upon the Commission's investigation, the Commission is unable to conclude that the information establishes violations of statutes. This does not certify that the Respondent is in compliance with statutes. No finding is made as to any other issue that might be construed as having been raised by the charge.

Even though you may disagree, it is unlikely that EEOC would find a violation if it invested additional resources. Thus, the EEOC's processing of this charge has been concluded. Included with this letter is your Notice of Dismissal and Right to Sue. Following this dismissal, you may only pursue this matter by filing suit against the Respondent named in the charge within 90 days of receipt of said notice. Otherwise, your right to sue will be lost.

Sincerely,

Martha Maness
Investigator