UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DEMEREW YOHANNES | } | |
| | } | |
| Plaintiff, | } | C.A. No. 03-12390 NG |
| | } | |
| v. | } | |
| | } | |
| CENTRAL PARKING SYSTEM, INC. | } | |
| | } | |
| Defendant. | } | |

**PLAINTIFF YOHANNES' OPPOSITION TO THE DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

The Plaintiff, Demerew Yohannes, opposes the summary judgment motion of the Defendant on the grounds that material issues of fact are still in dispute which must be decided by a jury. The Plaintiff incorporates herein his statement of material facts filed contemporaneously with the instant memorandum.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is required only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. The evidence before the Court must be construed "in the light most favorable to, and drawing all reasonable inferences in favor of, the nonmoving party." Feliciano de la Cruz v. El Conquistador Resort & Country Club, 218 F.3d 1, 5 (1st Cir. 2000).

Once the moving party has served a properly supported motion asserting entitlement to summary judgment, the burden is on the non-moving party to present evidence showing the existence of a trial-worthy issue. Gulf Coast Bank & Trust Co. v. Reder, 355 F.3d 35, 39 (1st Cir. 2004), citing Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248 (1986). For the purpose of summary judgment, an issue of fact is "genuine" if it "may reasonably be resolved in favor of either party." Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994) (citations omitted). "Material" facts are those which possess "the capacity to sway the outcome of the litigation under the applicable law." Nat'l Amusements v. Town of Dedham, 43 F.3d 731, 735 (1st Cir. 1995).

## ARGUMENT

### I. THE DEFENDANT IS NOT ENTITLED TO SUMMARY JUDGMENT AS THERE ARE MATERIAL ISSUES OF FACT STILL IN DISPUTE

The Defendant cannot prevail at this stage of an employment discrimination suit because it has not shown that there is no material issue of fact in dispute as to whether Plaintiff has satisfied his prima facie burden of proof or whether the proffered reasons for the Plaintiff's termination were pretext. See generally McDonnell-Douglas Corp. v. Green, 411 U.S. 792 (1973). The First Circuit has described the prima facie case as a "small showing" that is "not onerous" and is "easily made." Kosereis v. Rhode Island, 331 F.3d 207, 213 (1st Cir. 2003).

As for the showing of pretext, this Court must determine "whether the . . . evidence proffered by [the Plaintiff], together with all reasonable inferences which may be drawn in h[is] favor, raise a genuine issue of fact as to whether [his] termination . . . [was] motivated by [race] discrimination." Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 54 (1st Cir.

2000) (internal citations and quotations omitted). Summary judgment must be denied "if the record includes sufficient competent evidence from which a reasonable jury could (although it need not) infer that the employer's claimed reasons for terminating [the] employment were pretextual and that the decision was the result of discriminatory animus." Dominguez-Cruz v. Suttle Caribe, Inc., 202 F.3d 424, 431 (1st Cir. 2000) (internal citations and quotations omitted). Finally, this Court must "exercise particular caution before [sustaining] summary judgments for employers on such issues as pretext, motive, and intent." Santiago-Ramos, 217 F.3d at 54, citing Hodgens v. General Dynamics Corp., 144 F.3d 151, 167 (1st Cir. 1998).

The issue giving rise to a claim of pretext deals with whether the Plaintiff was given the same chance to renew his expired driver's license as other similarly-situated non-Ethiopian employees. To that end, there are still issues in dispute: whether the Plaintiff was honest with his employer at all times leading up to his termination; whether other employees whom the Defendant knew did not have a license were allowed an opportunity to rectify the situation whereas the Plaintiff was not; whether other employees were allowed to remain on the job even though they did not possess valid drivers' licenses; whether the Defendant's reasons for termination were pretext; and, whether the Plaintiff's race was a factor in his dismissal.

### A. THE PLAINTIFF HAS SATISFIED HIS PRIMA FACIE BURDEN

Contrary to the Defendant's contention, the Plaintiff has made his easily attainable prima facie showing of discrimination. See Kosereis, 331 F.3d 207 at 213. While acknowledging that the Plaintiff meets the other McDonell-Douglas elements, the Defendant attempts to show that the Plaintiff cannot proceed on his claim because not having a valid license meant he was not "qualified" for his job as a manager. The Defendant argues that being so "qualified" is a

prerequisite for going forward beyond the summary judgment stage.  See Def. Motion for Sum. Judg. at 5.

Yet the Defendant has attempted to recast the case as a dispute about whether the Plaintiff had a driver's license at the time he was terminated.  The Plaintiff does not argue that fact.[1]  The issue is whether he was treated differently than other employees who were also discovered to be temporarily without a license.  Though the Defendant argues that having a license was "indisputably required" for the job, it also admits that it retained two other employees discovered to be without a license during the May, 2003 audit.[2]  Thus it is clear that employees do not become "unqualified," in the Defendant's view, simply because they lose their license. Furthermore, the issue of whether the Plaintiff was fired because he was unlicensed or for some other reason is more apt for a later discussion,[3] and is not a defense to the Plaintiff's prima facie case.  See Conward v. Cambridge Sch. Comm., 171 F.3d 12, 20 (1st Cir. 1999) (holding that "the time to consider comparative evidence in a disparate treatment case" is at the pretext stage).

### B.  DISPUTED FACTS STILL EXIST CONCERNING WHETHER THE DEFENDANT'S PROFFERED REASONS FOR DISMISSAL WERE PRETEXT

The Plaintiff has met his summary judgment burden as to pretext by showing disputed facts concerning whether his dismissal was "(i) more likely motivated by discrimination than by

---

[1] That the Defendant first conducted a license audit in May, 2003 indicates that it did not consider it necessary to regularly verify the license status of its employees and implies that it did not, in fact, consider having a license to be a *sine qua non* of employment.

[2] The Defendant attempts to distinguish these employees by arguing that they were valets, not managers, and thus were held to a lesser standard of qualification.  See Def. Motion for Sum. Judg. at 5.  On the contrary, as valets, these employees *only* responsibility was to drive cars, and as such a revoked license was *more* of a problem for them than for the Plaintiff who mainly operated in a supervisory capacity.  See also Argument at 6.

[3] The Plaintiff concedes that not having a license temporarily would be a legitimate, non-discriminatory reason for termination, but vigorously contests that it would cause a failure in his prima facie case.

4

the explanation proffered by [the Defendant], or (ii) the proffered explanation [is] unworthy of credence." Straughn v. Delta Air Lines, Inc., 250 F.3d 23, 35 (1st Cir. 2001) (internal quotation omitted). Pretext may be established by demonstrating that the evaluation process itself was tainted by racial bias and that the plaintiff's "abilities and qualifications were equal or superior to employees who were retained." Id. at 38.

In addition, evidence that an employer administered disparate treatment to similarly situated employees may be competent proof that the explanation given for the challenged employment action was pretextual, Id. at 43-44, if the Plaintiff can show "that others similarly situated . . . in all relevant respects were treated [more advantageously] by the employer." Id. at 44, citing Perkins v. Brigham & Women's Hosp., 78 F.3d 747, 751 (1st Cir. 1996) ("Reasonableness is the touchstone: while the plaintiff's case and the comparison cases that she advances **need not** be perfect replicas, they must closely resemble one another in respect to relevant facts and circumstances") (emphasis added). Indeed a direct showing that similarly situated non-Ethiopian employees were treated differently is "the most probative means of establishing that the plaintiff's termination was a pretext for racial discrimination." Matthews v. Ocean Spray Cranberries, Inc., 426 Mass. 122, 686 N.E.2d 1303, 1309 (1997).

> 1. **Material issues of fact still exists as to whether there was disparate treatment of the Plaintiff vis a vis other employees after it was discovered by the May, 2003 audit that they did not have licenses**

The Defendant concedes that it retained two employees who were also discovered to be without a license in the May, 2003 audit. Neither of these employees was Ethiopian. Thus a material issue of fact exists as to whether the Plaintiff was terminated because of his background. The Defendant attempts to argue that the Plaintiff was in greater violation of the rules because he was a manager. But it would seem that a valet driver without a license is a much more serious, problem than a manager without one, and at the least is an equal problem. See also footnote 2, supra.

Furthermore, in Washington v. Milton Bradley Co., 340 F.Supp. 2d 69, 77 (D. Mass. 2004) (Neiman, M.J.), the Court was likewise faced with a defendant-employer who argued that the plaintiff and the employees whom the plaintiff alleged were treated more favorably were not similarly-situated. The Defendant was attempting to argue that a supervisor was not similarly situated to a lower-level employee because the employer justifiably held supervisors to a higher standard. Id. The court found that the "Defendant's alleged distinctions are too finely drawn for present purposes; resolution of these distinctions, is best left to a factfinder at trial." Id. at 78.

Similarly, in this case the Defendant's distinctions are too fine. A jury needs to resolve the issue of whether the non-supervisory employees can reasonably be compared to the Plaintiff when it comes to analyzing whether the Plaintiff was discriminated against based upon his race.

The Defendant also argues that the Plaintiff was fired because he misrepresented his license status to his employers. Again, this misstates the issue, which is whether the Plaintiff was treated differently than similarly-situated non-Ethiopian employees. Clearly the two

employees also discovered in the May, 2003 audit had likewise failed to inform the Defendant of their unlicensed status and had indicated on their job application that they possessed a valid license.[4] Claiming that the Plaintiff lied in the past would not differentiate him from the two employees who were retained under similar circumstances. Furthermore, any licensing issues which occurred prior to the May, 2003 audit, and which the Defendant contends are proof the Plaintiff was not fired based upon his race[5], are not material to this case as they do not address whether the Plaintiff was treated differently when compared to others **after** they were all found to be without a driver's license.

      Defendant further contends that the Plaintiff's claims of pretext must fail because he cannot prove that the decision-maker, Crean, had "discriminatory animus" or "said anything to him that was discriminatory." See Def. Motion for Sum Judg. at 12. Of course, in Thomas v. Eastman Kodak Co., 183 F.3d 38, 57-58 (1st Cir. 1999), this Circuit held that no such proof is required:

> [T]here can be no rigid requirement that plaintiffs introduce a separate "plus" factor, such as a negative employer comment about the plaintiff's protected class, in order to prove discrimination. Otherwise, the McDonnell Douglas/Burdine framework would no longer serve the purpose for which it was designed: allowing plaintiffs to prove discrimination by circumstantial evidence.

The Plaintiff may use the same circumstantial evidence to rebut the Defendant's legitimate non-discriminatory reasons for termination as he uses to establish that the Defendant's actions were racially motivated. Id. at 58.

---

[4] Though the Defendant attempts to imply that the Plaintiff lied on his application about his license status. See Def. Motion for Sum. Judg. at 8. However, the only evidence on the record shows that he had a license at the time, but ran into a problem renewing it at the beginning of 2003.

[5] Again, the reasons offered by the Defendant are sufficient to establish a legitimate, non-discriminatory reason for termination, but they do not win the day when it comes to addressing pretext.

In analyzing pretext, it is irrelevant whether the Defendant "believe[d] the reason it gave for Plaintiff's termination." See Def. Motion for Sum. Judg. at 11. The Defendant cannot defeat a claim of pretext merely by asserting it did not lie: "the term 'pretext' . . . provides no justification for assuming . . . that those employers whose evidence is disbelieved are perjurers and liars." Id. The relevant factor is whether the employee has been treated differently on account of race, not whether the employee believed it was truthful: "to say that the company, which in good faith introduces [a legitimate non-discriminatory motive] . . . becomes a liar and a perjurer when the testimony is not believed, is nothing short of absurd." Id., quoting St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 520 (1993). A jury could find the Defendant's reasons to be pretext "whether the employer consciously intended to base the evaluations on race, or simply did so because of unthinking stereotypes or bias." Thomas, 183 F.3d at 58. In short, a jury could infer that the Defendant had an unconscious bias that the Plaintiff was less trustworthy because he was Ethiopian, and, as such, must have intentionally misled his employers about the status of his driver's license.

## CONCLUSION

Wherefore, the Plaintiff respectfully requests that this Court deny the Defendant's motion for summary judgment.

                                                  Respectfully Submitted,
                                                  The Plaintiff Demerew Yohannes
                                                  By his attorneys

DATED: March 31, 2005

                                                  //S//Michael L Tumposky
                                                  Stephen B. Hrones (BBO No. 242860)

        Jessica D Hedges (BBO No. 645847)
        Michael Tumposky (BBO No. 660618)
        HRONES, GARRITY & HEDGES
        Lewis Wharf–Bay 232
        Boston, MA 02110-3927
        T) 617/227-4019

## **CERTIFICATE OF SERVICE**

Served via electronic filing unless unable to do so; then, United States First-Class Mail, postage prepaid.

        //S//Michael L Tumposky
        Michael Tumposky